IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIMBERLY MASSEY PLAINTIFF

vs. Civil No. 1:26-cv-01008

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Kimberly Massey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

Plaintiff filed her DIB and SSI applications on October 26, 2023, alleging disabilities due to disorders of the skeletal spine as well as osteoarthrosis and allied disorders. (Tr. 120-21).[1] Plaintiff alleged an onset date in both applications of June 2, 2023. *Id.* Plaintiff's application was initially denied on March 29, 2024, and upon reconsideration on September 30, 2024. (Tr. 36).

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied applications, and this hearing was granted. (Tr. 186-223). The hearing was held on April 1, 2025. (Tr. 36). Plaintiff was present and testified at the hearing. *Id.* Vocational Expert ("VE"), Donald Rue, was also present and testified at the hearing. *Id.*

The Administrative Law Judge ("ALJ") entered an unfavorable opinion on May 1, 2025. (Tr. 36-47). In this decision, the ALJ determined the Plaintiff last met the insured status requirements of the Act through December 31, 2028. (Tr. 38, Finding 1). The ALJ also determined the Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date of June 2, 2023. (Tr. 38, Finding 2).

The ALJ then determined that Plaintiff had a severe impairment of disorder of the skeletal spine. (Tr. 39, Finding 3). However, the ALJ determined that this impairment did not meet or medically equal the requirements of any of the Listing of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 40, Finding 4).

After consideration of the record, the ALJ determined Plaintiff's residual functional capacity ("RFC"). (Tr. 40, Finding 5). The ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with some limitations. *Id.* These limitations included: no climbing of ladders, ropes, and scaffolds; cannot frequently climb ramps and stairs; can occasionally reach overhead bilaterally, with all other reaching able to be done frequently; and should avoid hazards such as working in high, exposed places and around moving, mechanical parts. *Id.*

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had PRW as a log truck driver. (Tr. 45, Finding 6). However, the ALJ determined that Plaintiff was unable to perform any PRW. *Id.* Though unable to perform PRW, the ALJ found that Plaintiff

was able to perform jobs which existed in significant numbers in the national economy. (Tr. 46, Finding 10). Through the testimony of the VE, the ALJ found that Plaintiff could perform the representative occupations of: (1) price marker with approximately 167,000 jobs nationally; (2) housekeeper with approximately 190,000 jobs nationally; and (3) furniture rental clerk with approximately 56,000 jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability as defined in the Act from June 2, 2023, through the date of the decision. (Tr. 47, Finding 11).

On February 2, 2026, Plaintiff filed the instant appeal. ECF No. 2. Plaintiff filed her Appeal Brief on May 6, 2026. ECF No. 9. The SSA filed its Appeal Brief on June 4, 2026. ECF No. 10. Plaintiff filed a Reply on June 18, 2026. ECF No. 11. Accordingly, the matter is now ripe for this decision.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a “physical or mental impairment” as “an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.” 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a “substantial gainful activity”; (2) whether the claimant has a severe impairment that significantly limits the claimant’s physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff’s age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3. **<u>Discussion</u>**

Plaintiff raises only one issue on appeal, arguing that the ALJ did not properly assess her subjective complaints. ECF No. 9. Plaintiff points to various cases from this Court and others in this District which have remanded cases when the ALJ evaluation was based "almost entirely upon the fact that [Plaintiff's] subjective complaints were not supported by her medical records." *Id.* at 12. Plaintiff asserts the ALJ in the instant case made a reversible error by using identical language as seen in other cases and stating Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence" while failing to specifically provide what evidence supported discounting Plaintiff's complaints. *Id.* (citing Tr. 42). However, the undersigned disagrees.

When comparing the facts of the cases cited by Plaintiff with the instant case, it is clear to this Court that the two are readily distinguishable. Primarily, the Plaintiff points to this Court's decision in *Skipper v. Comm'r, Soc. Sec. Admin.*, 2026 WL 776599 (W.D. Ark. Mar. 19, 2026). Unlike in *Skipper*, the ALJ in this case referenced several of the *Polaski* factors in the decision to discount Plaintiff's subjective complaints. *Skipper*, 2026 WL 776599 at *3 ("In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) . . . . The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions").

First, the ALJ in Plaintiff's case considered her daily activities, where the ALJ in *Skipper* made no such reference or analysis. (Tr. 44). Specifically, the ALJ noted that Plaintiff can prepare her own meals, perform some household chores, drive herself in some limited capacity, and care

for her two dogs. *Id*. Though not an extensive analysis, this consideration goes beyond the silence of the ALJ in *Skipper*.

Further, in *Wharton*, the Court noted that the Plaintiff's ability to "drive, go shopping, pay bills, count change, and handle bank accounts" was insufficient when considered as the "*only* non-medical evidence" given that these activities could "hardly be characterized as 'extensive'". *Wharton v. Comm'r, Soc. Sec. Admin.*, 2026 WL 699887 at *3 (W.D. Ark. Mar. 12, 2026). Here, daily activity was not the only factor which the ALJ explicitly referenced. The ALJ noted Plaintiff had reported that her current medication regimen had alleviated her pain to allow her to continue activities of daily living and had no reported side effects. (Tr. 44, 903). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir.2010) (internal quotation marks and citation omitted).

While Plaintiff is correct in her assertion that an ALJ may not discount a claimant's subjective complaints solely because they are not fully supported by objective medical evidence, "an ALJ is entitled to make a factual determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez*, 292 F.3d at 581. "The ALJ was not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting [Plaintiff's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir.1996).

**4. <u>Conclusion</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 13th day of October 2026.**

/s/ *Spencer G. Singleton*
Honorable Spencer G. Singleton
United States Magistrate Judge